# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### No. 307
### CLEVELAND RY. CO. v. HAYCOX
Ohio Court of Appeals, Cuyahoga County
No. 4359. Feb. 23, 1923

INSTRUCTION TO JURY—(1) Error in court's charge. EVIDENCE—(1) Admissability of testimon to lay witnesses as to plaintiff's physiacl condition. JURORS—(1) Misconduct of juror in failing to disclose certain facts.

(Cushing, Buchwalter and Hamilton, JJ., First District, sitting)

PER CURIAM.

### Epitomized Opinion

Jeanette Haycox brought an action to recover for personal injuries, which she sustained while boarding one of the Railway Company's street cars. The street car was standing near a regular stop at the time plaintiff attempted to get on. The door was open and the conductor had gone to throw a switch which was located near this point. Believing that the car was waiting for the passengers to enter, plaintiff stepped upon the car step, and was thrown against the car when it suddenly moved backward. The evidence was in conflict whether the car was standing at a regular stopping place. The petition did not allege that plaintiff was a passenger. The judge charged the jury in the alternative, saying that if plaintiff attempted to board the car not at a regular stopping place, then the company owed her ordinary care, but if the jury found that it was a regular stopping place, then the company owed her the highest degree of care. Moreover, during the trial various lay witnesses testified as to plaintiff's physical condition. As plaintiff secured a verdict for $2,000, the Railway Company prosecuted error, claiming that the instruction was faulty, that it was error to admit the testimony of these lay witnesses, and that there was misconduct on the part of one of the jurors in tha one of he jurors had a claim against the Railway Company but failed to disclose it. In affirming the judgment of the lower court, it was held:

1. That as the petition did not charge that plaintiff was a passenger, the charge was well adapted to the issues made by the pleadings.

2. A non-porfessional witness may testify and give an opinion of a person's physical condition, provided such opinion is founded on his own observations and is limited to the period of observation.

3. As ten members of the jury signed the verdict, and affidavits were filedd by the two other jurors, stating that they were not influenced by anything that one juror might have done, no prejudicial error was committed, even though one juror was guilty of misconduct.

**Attorneys**—Squire, Sanders & Dempsey, for plaintiff; Payer, Winch, Minshall & Karch, for Haycox.

### No. 308
### RAUFFUS v. CLEVELAND
Ohio Court of Appeals, Cuyahoga County
No. 4252. March 7, 1923
This opinion has not been published except in Abstract.

INJUNCTIONS—(1) Construction of contract by court of equity—(2) Enforcing a restrictive covenant—(3) Changed conditions as affecting reasonableness of covenant.

(Funk, Washburn and Pardee, JJ., Ninth District sitting)

WASHBURN, J.

### Epitomized Opinion

This was an action brought by Rauffus and others to quiet title and remove restrictions from said land, which the City claimed the right to enforce. The owners of a large acreage of land desired the city to construct and maintain a boulevard through said land, which the city agreed to do under certain conditions. To effect this understanding the owners, through a trustee, conveyed a 130 foot strip of land to the city. Among other things, the deed provided that: "By the acceptance of this land the City of Cleveland becomes obligated to open and improve said boulevard at its own expense." In addition, the deed conferred upon the city the right to prevent the infraction of any restrictions or covenants contained therein. One of these restrictions provided: "That no flats . . . shall be erected or suffered to remain upon any of said lands adjacent to or fronting on said boulevard; that no building . . . now or hereafter erected . . . within 100 feet of said boulevard shall be used for . . . any mercantile . . . purposes." The plaintiff's land was not adjacent to the boulevard, but was within the hundred feet area. As the plaintiff wanted to engage in a mercantile business, he brought suit to remove this restriction. As the lower court held for the city, plaintiff appealed. Plaintiff claimed that the property in question was not adjacent to the boulevard, and also claimed that the restriction was unreasonable and appressive. Held:

1. Although the property in question was not adjacent to the boulevard, the city and the grantors undoubtedly intended to include all land within 100 feet from the boulevard, and as the land in question was within that area, the restriction applies even against successors of the original owner.

2. The restriction was not unreasonable and oppressive when one considers the benefit derived by the abutting owners.

3. A court of equity will not interfere with a restrictive covenant which is reasonable when made, unless the evidence shows that a state of things has arisen which the parties did not originally contemplate.

**Attorneys**—Philip H. White, for plaintiff; Lamb, for City.